## BERT GRANT v. STATE.

No. A-1766.  Opinion Filed July 19, 1913.

Appeal from County Court, Pottawatomie County;
Ross F. Lockridge, Judge.

Bert Grant was convicted of violating the prohibitory law, and appeals. Affirmed.

S. P. Freeling and I. C. Saunders, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson and E. G. Spilman, Asst. Attys. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted of unlawfully selling intoxicating liquor and on the 20th day of March, 1912, in accordance with the verdict of the jury he was sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars. The record shows that upon his arraignment the court informed said defendant of his right to be represented by counsel, and the defendant stated that he was aware of his rights in this regard; that he was able to procure counsel, but that he did not desire to be represented by counsel, that he could and would represent himself. E. A. Pierce, sheriff, testified that in making a raid in the Reeble Hotel in Shawnee he found the defendant standing behind a bar, another man was standing in front of the bar, he reached over to pick up a glass of whisky, and witness reached over and said he would take that. Defendant knocked the glass and spilled most of its contents; that there was a quarter of a dollar lying on the bar. He also found three bottles of whisky and some other liquor in bottles. John J. Dutton, deputy sheriff, testified substantially to the same state of facts. This was all the evidence in the case. The defendant offered no evidence. After his conviction the defendant secured counsel and filed motions for new trial and in arrest of judgment, which were overruled. Where the guilt of the defendant is established by evidence which is undisputed, this court will not consider it an error which will demand a reversal of the conviction, that the information was bad for duplicity, where no objection by demurrer was made thereto. Tested by the plain and simple rules prescribed by our code of criminal procedure the information is sufficient to support the verdict and judgment. The judgment is therefore affirmed.